# Exhibit E

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

## FORM 8-K

**CURRENT REPORT**

**Pursuant to Section 13 or 15(d)**
**of the Securities Exchange Act of 1934**

Date of Report (Date of earliest event reported): **July 22, 2021**

# Lucid Group, Inc.
(Exact name of registrant as specified in its charter)

| Delaware | 001-39408 | 85-0891392 |
|---|---|---|
| (State or other jurisdiction of incorporation) | (Commission File Number) | (I.R.S. Employer Identification No.) |

| 7373 Gateway Blvd | 94560 |
|---|---|
| Newark, CA | (Zip Code) |
| (Address of principal executive offices) | |

Registrant's telephone number, including area code: (510) 648-3553

**Churchill Capital Corp IV**
**640 Fifth Avenue, 12th Floor**
**New York, NY 10019**

(Former name or former address, if changed since last report)

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions (see General Instruction A.2. below):

☐ Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)
☐ Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)
☐ Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))
☐ Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

| Title of each class | Trading Symbol | Name of each exchange on which registered |
|---|---|---|
| Class A Common Stock, $0.0001 par value per share | LCID | The Nasdaq Stock Market LLC |
| Warrants, each exercisable for one share of Class A Common Stock at an exercise price of $11.50 per share | LCIDW | The Nasdaq Stock Market LLC |

Indicate by check mark whether the registrant is an emerging growth company as defined in Rule 405 of the Securities Act of 1933 (§230.405 of this chapter) or Rule 12b-2 of the Securities Exchange Act of 1934 (§240.12b-2 of this chapter).

Emerging growth company ☒

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. ☐

## INTRODUCTORY NOTE

Due to the large number of events reported under the specified items of Form 8-K, this Current Report on Form 8-K is being filed in two parts. An amendment to this Form 8-K is being submitted for filing on the same date to include additional matters under Items 3.03, 5.03, 5.05 and 5.06 of Form 8-K.

As disclosed in the Section entitled "*Proposal No. 1—The Business Combination Proposal*" beginning on page 122 of the final prospectus and definitive proxy statement (as updated pursuant to the Supplement to Definitive Proxy Statement/Prospectus filed with the Securities and Exchange Commission (the "*Commission*") in a Report on Form 8-K on July 15, 2021, the "*Proxy Statement/Prospectus*") filed with the Commission on June 25, 2021 by Churchill Capital Corp IV, now known as Lucid Group, Inc., Churchill Capital Corp IV entered into an Agreement and Plan of Merger, dated as of February 22, 2021 (as amended, modified, supplemented or waived, the "*Merger Agreement*"), by and among Churchill Capital Corp IV, Atieva, Inc., d/b/a Lucid Motors, an exempted company incorporated with limited liability under the laws of the Cayman Islands ("*Lucid*"), and Air Merger Sub, Inc., a Delaware corporation and wholly owned subsidiary of Churchill Capital Corp IV ("*Merger Sub*"). Pursuant to the Merger Agreement, following the Special Meeting (as defined below) on July 23, 2021 (the "*Closing Date*"), Merger Sub was merged with and into Lucid, with Lucid being the surviving company in the merger (the "*Merger,*" and together with the other transactions contemplated by the Merger Agreement, the "*Transactions,*" and the consummation of the Transactions, the "*Closing*").

As a result of the Merger, the Company (as defined below) is now the owner of Lucid and its subsidiaries, which is a technology and automotive company developing the next generation of electric vehicles. In connection with the Closing, the registrant changed its name from Churchill Capital Corp IV to Lucid Group, Inc.

Unless the context otherwise requires, "*we,*" "*us,*" "*our*" and the "*Company*" refer to Lucid Group, Inc., a Delaware corporation, and its consolidated subsidiaries at and after the Closing Date and giving effect to the Closing, and the term "Churchill" refers to Churchill Capital Corp IV and its subsidiaries prior to the Closing Date and without giving effect to the Closing. All references herein to the "*Board*" refer to the board of directors of the Company.

Terms used but not defined herein, or for which definitions are not otherwise incorporated herein by reference, shall have the meaning given to such terms in the Proxy Statement/Prospectus in the Section entitled "*Frequently Used Terms*" beginning on page 1 thereof, and such definitions are incorporated herein by reference.

**Item 1.01.    Entry into Material Definitive Agreement.**

EXHIBIT E
PAGE 60

      for H.E. Al-Rumayyan is Alr'idah Digital City, Building MU04, Al Nakhil District, P.O. Box 6847, Riyadh 11452, The Kingdom of Saudi Arabia.

(4) Interests shown consist of 537,919 shares of Common Stock issued upon the Closing and 12,589,171 shares of Common Stock subject to option awards that are currently exercisable or exercisable within 60 days of the Closing.

(5) Interests shown consist of 1,173,177 shares of Common Stock issued upon the Closing and 1,496,630 shares of Common Stock subject to option awards that are currently exercisable or exercisable within 60 days of the Closing.

(6) Interests shown consist of 118,980 shares of Common Stock issued upon the Closing and 165,249 shares of Common Stock subject to option awards that are currently exercisable or exercisable within 60 days of the Closing.

(7) Interests shown consist of (i) 2,070,138 shares of Common Stock issued to Mr. Alnowaiser upon the Closing and (ii) 1,015,252,523 shares of Common Stock issued to Ayar upon the Closing (including in connection with the PIPE Investment). Mr. Alnowaiser, who is Deputy Governor and Head of the International Investments Division of the Public Investment Fund, has shared voting power with respect to the shares held by Ayar and has no pecuniary interest in and disclaims beneficial ownership of such shares. See note (3) above.

(8) Each of Nancy Gioia and Andrew Liveris has an economic interest in shares of Common Stock and warrants to purchase shares of Common Stock through his or her ownership of membership interests in the Sponsor, but does not beneficially own any Common Stock or warrants. The economic interest (or deemed economic interest) of these individuals in shares of Common Stock and warrants held by the Sponsor are as shown below:

| | **Common Stock** | **Warrants** |
|---|---|---|
| Nancy Gioia | 125,000 | 0 |
| Andrew Liveris | 400,000 | 363,347 |

In addition, Glenn R. August has an indirect interest in the Company as a result of being an affiliate of Oak Hill Advisors, L.P., of which Mr. August is Founder & Chief Executive Officer, having an economic interest in 7,000,000 shares of Common Stock and 6,858,569 warrants to purchase shares of Common Stock through ownership of membership interests in the Sponsor, but does not beneficially own any Common Stock or warrants.

***Directors and Executive Officers***

Effective as of the Closing, the following individuals were appointed as directors of the Company:

    Andrew Liveris, Chairman
    Turqi Alnowaiser
    Glenn R. August
    Nancy Gioia
    Frank Lindenberg
    Nichelle Maynard-Elliott
    Tony Posawatz
    Peter Rawlinson
    Janet Wong

Effective as of the Closing, the following individuals were appointed to serve as the Company's executive officers:

    Peter Rawlinson, Chief Executive Officer and Chief Technology Officer and Director;
    Sherry House, Chief Financial Officer;
    Eric Bach, Senior Vice President, Product and Chief Engineer; and
    Michael Bell, Senior Vice President, Digital.

The information described in the Proxy Statement/Prospectus in the Sections entitled "*Proposal No. 5—The Director Election Proposal*" and "*Management After the Business Combination*" beginning on pages 184 and 228 thereof, respectively, related to biographical information about each of the directors and executive officers following the Merger and the information set forth under Item 5.07 of this Current Report on Form 8-K regarding the results of the vote on the election of directors at the Special Meeting is incorporated herein by reference.

The information described in the Proxy Statement/Prospectus in the Section entitled "*Certain Relationships and Related Person Transactions*" beginning on page 301 thereof related to certain transactions between the Company and certain of its directors and officers is also incorporated herein by reference.

**Executive Compensation**

*Executive Compensation*

The compensation of the Company's named executive officers is described in the Proxy Statement/Prospectus in the Section entitled "*Executive Compensation*" beginning on page 236 thereof, and that information is incorporated herein by reference.

Incentive Plan

At the Special Meeting, Churchill's stockholders approved the Lucid Group, Inc. 2021 Stock Incentive Plan, including the Lucid Group, Inc. 2021 Employee Stock Purchase Plan attached thereto (collectively, the "*Incentive Plan*"). A description of the Incentive Plan is set forth in the Proxy Statement/Prospectus in the Section entitled "*Proposal No. 4—The Incentive Plan Proposal*" beginning on page 180 thereof, which is incorporated herein by reference. The foregoing description of the Incentive Plan is qualified in its entirety by the full text of the Incentive Plan attached hereto as Exhibit 10.6, which is incorporated herein by reference.

CEO Transaction Bonus and RSU Award

In recognition of Peter Rawlinson's efforts on the Merger, the board of directors of Lucid previously approved a $2 million transaction bonus (the "*CEO Transaction Bonus*") payable to Mr. Rawlinson, subject to: (i) the Closing occurring, (ii) Mr. Rawlinson's continued employment through the Closing Date and (iii) Mr. Rawlinson not giving notice of his intent to resign on or before the Closing Date. Additionally, in order to incentivize and align Mr. Rawlinson with the Company's stockholders after the Merger, the board of directors of Lucid approved a special equity grant of 11,293,177 RSUs to Mr. Rawlinson (the "*CEO RSU Award*"), which will vest subject to: (i) the Closing occurring and (ii) (A) with respect to 5,232,507 of the RSUs, a time-vesting requirement and (B) with respect to 6,060,670 of the RSUs, a performance-vesting requirement. Following the Merger, the CEO RSU Award was converted into an equivalent award with respect to Common Stock. The foregoing descriptions of the CEO Transaction Bonus and CEO RSU Award are qualified in their entirety by the full text of the award agreements attached hereto as Exhibit 10.22 and Exhibit 10.23, respectively, which are incorporated herein by reference.

*Compensation Committee Interlocks and Insider Participation*

The information set forth under Item 5.02 of this Current Report on Form 8-K relating to the executive officers of the Company and the information in the Proxy Statement/Prospectus in the Section entitled "*Executive Compensation*" beginning on page 236 thereof is incorporated herein by reference.

*Director Compensation*

The compensation of the Company's directors is described in the Proxy Statement/Prospectus in the Section entitled "*Executive Compensation—Director Compensation*" beginning on page 240 thereof, and that information is incorporated herein by reference.

8

**Certain Relationships and Related Transactions, and Director Independence**

*Certain Relationships and Related Person Transactions*

Certain relationships and related person transactions are described in the Proxy Statement/Prospectus in the Section entitled "*Certain Relationships and Related Person Transactions*" beginning on page 301 thereof, and that information is incorporated herein by reference.

Professional Services Contract

On July 14, 2021, a subsidiary of the Company entered into a master services agreement with Emdad Al Khebrat Limited Company ("*Emdad*"), an entity wholly owned by the Public Investment Fund ("*PIF*"), the parent entity of Ayar. Pursuant to the agreement, Emdad will provide direct hire and contractor staffing services to the Company. The Company expects to make payments under the agreement of approximately $9 million in the aggregate in 2021.

Proposed Public Investment Fund Internship Agreement

The Company expects to enter into a proposed agreement with PIF, the parent entity of Ayar, to implement a recruitment and talent development program pursuant to which the Company would evaluate, employ and train participants nominated by PIF during six-month internships, and PIF would reimburse the Company for expenses related to participant wages, visa fees, medical insurance, airfare and housing incurred by the Company. The Company expects to be reimbursed by PIF in an aggregate of $1 million in 2021 for such expenses.

*Director Independence*

Director independence is described in the Proxy Statement/Prospectus in the Section entitled "*Management After the Business Combination—Director Independence*" beginning on page 232 thereof, and that information is incorporated herein by reference.

**Legal Proceedings**

The disclosure regarding legal proceedings contained in the Proxy Statement/Prospectus in the Section entitled "*Proposal No. 1—The Business Combination Proposal—Litigation Relating to the Business Combination*" beginning on page 174 thereof is incorporated herein by reference.

Since the initial filing of the registration statement on Form S-4 (File No. 333-254543) (as amended, the "*Registration Statement*"), Churchill received four letters on behalf of putative stockholders alleging that the Registration Statement is false and misleading and/or omits material information concerning the Transactions in violation of the federal securities laws and/or state law fiduciary duties (the "*Stockholder Demands*"). The Company believes these claims in the Stockholder Demands are without merit.

**Market Price of and Dividends on the Registrant's Common Equity and Related Stockholder Matters**

*Price Range of Securities and Dividends*

Common Stock and Company's public warrants commenced trading on Nasdaq under the symbols "LCID" and "LCIDW," respectively, on July 26, 2021, subject to ongoing review of the Company's satisfaction of all listing criteria following the Merger, in lieu of Churchill's public shares and public warrants. Churchill's public shares, public warrants and units ceased trading separately on the New York Stock Exchange (the "*NYSE*") on July 23, 2021. The Company has not paid any cash dividends on Common Stock to date. The payment of cash dividends in the future is dependent upon the Company's revenues and earnings, if any, capital requirements, the terms of any indebtedness and general financial condition. The payment of any cash dividends will be within the discretion of the Board at such time. In addition, the Board is not currently contemplating and does not anticipate declaring any stock dividends in the foreseeable future.

*Holders of Record*

As of the Closing Date and following the completion of the Transactions and the redemption of public shares as described above, the Company had 1,618,621,534 shares of Common Stock outstanding held of record by approximately 906 holders and no shares of preferred stock outstanding. Such amounts do not include DTC participants or beneficial owners holding shares through nominee names.

*Securities Authorized for Issuance Under Equity Compensation Plans*

The information described in the Proxy Statement/Prospectus in the Sections entitled "*Proposal No. 4—The Incentive Plan Proposal*" and "*Executive Compensation—Equity Compensation Plans—Equity Compensation Plan Information*" beginning on pages 180 and 239 thereof, respectively, is incorporated herein by reference. As described above, the Incentive Plan, including the ESPP attached thereto, and the material terms thereof, including the authorization of the initial share reserve thereunder, were approved by Churchill's stockholders at the Special Meeting.

**Recent Sales of Unregistered Securities**

The information set forth under Item 3.02 of this Current Report on Form 8-K relating to the issuance of Common Stock in connection with the PIPE Investment is incorporated herein by reference.

9

**Description of Registrant's Securities to be Registered**

The Company's securities are described in the Proxy Statement/Prospectus in the Sections entitled "*Risk Factors—Risks Related to Churchill and the Business Combination*," "*Description of Securities*" and "*Comparison of Stockholder Rights*" beginning on pages 97, 278 and 287 thereof, respectively, and that information is incorporated herein by reference.

As described below, the Second Amended and Restated Certificate of Incorporation (as defined below) was approved by Churchill's stockholders at the Special Meeting and became effective upon the Closing. The information described in the Proxy Statement/Prospectus in the Sections entitled "*Proposal No. 2—The Charter Proposal*" and "*Proposal No. 3—The Governance Proposal*" beginning on pages 176 and 178 thereof, respectively, is also incorporated herein by reference.

At the Closing, the Company's existing bylaws were amended and restated (as so amended and restated, the "*Amended and Restated Bylaws*") to be consistent with the Second Amended and Restated Certificate of Incorporation and to make certain other changes that Churchill's Board deemed appropriate for a public company.

The descriptions of certain provisions of the Second Amended and Restated Certificate of Incorporation and Amended and Restated Bylaws incorporated herein by reference are qualified in their entirety by the copies thereof, which are filed as Exhibits 3.1 and 3.2, respectively, to this Current Report on Form 8-K and incorporated herein by reference. For a complete description of the rights and preferences of our securities, we urge you to read the Second Amended and Restated Certificate of Incorporation, Amended and Restated Bylaws and the applicable provisions of Delaware law.

**Indemnification of Directors and Officers**

Section 102(b)(7) of the Delaware General Corporation Law (the "*DGCL*") allows a corporation to provide in its certificate of incorporation that a director of the corporation will not be personally liable to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a

| | | | | |
|---|---|---|---|---|
| Nichelle Maynard-Elliott | 127,095,296 | — | 2,987,560 | N/A |
| Tony Posawatz | 127,085,634 | — | 2,997,222 | N/A |
| Peter Rawlinson | 127,211,280 | — | 2,871,576 | N/A |
| Janet Wong | 127,055,661 | — | 3,027,195 | N/A |

Proposal No. 6. A proposal to approve, for purposes of complying with the applicable provisions of Section 312.03 of the NYSE's Listed Company Manual, (a) the issuance of more than 20% of Churchill's issued and outstanding shares of common stock in connection with the Transactions, including, without limitation, the PIPE Investment and the issuance of more than 20% of Churchill's issued and outstanding shares to a single holder (which may constitute a change of control under the NYSE's Listed Company Manual) and (b) the issuance of shares of Churchill's Class A common stock to a Related Party (as defined in Section 312.03 of the NYSE's Listed Company Manual) in connection with the Transactions. The following is a tabulation of the votes with respect to this proposal which was approved by Churchill's stockholders:

| For | Against | Abstain | Broker Non-Votes |
|---|---|---|---|
| 124,206,121 | 2,648,200 | 3,228,535 | N/A |

Proposal No. 7. A proposal to approve the adjournment of the Original Meeting to a later date or dates, if necessary, to permit further solicitation and vote of proxies in the event that there are insufficient votes for, or otherwise in connection with, the approval of the Proposals Nos. 1, 2, 3, 4, 5 or 6. The following is a tabulation of the votes with respect to this proposal which was approved by Churchill's stockholders:

| For | Against | Abstain | Broker Non-Votes |
|---|---|---|---|
| 125,047,535 | 2,090,621 | 2,944,700 | N/A |

16

**Item 8.01.      Other Events.**

Churchill's outstanding units that have not been previously separated into the underlying shares of Churchill's Class A common stock and one-fifth of a Churchill's public warrant were cancelled and each unitholder received one share of Common Stock and one-fifth of a Company's public warrant, provided that no fractional Company warrants were issued upon separation of Churchill's units. Such units no longer trade as a separate security and were delisted from the NYSE. The Company's outstanding warrants are exercisable for shares of Common Stock on the same terms as were contained in such warrants prior to the Transactions.

Common Stock and Company's public warrants commenced trading on Nasdaq under the symbols "LCID" and "LCIDW," respectively, on July 26, 2021, subject to ongoing review of the Company's satisfaction of all listing criteria following the Merger, and the CUSIP numbers relating to Common Stock and public warrants are 549498 103 and 549498 111, respectively.

**Item 9.01.      Financial Statement and Exhibits.**

(a) Financial Statements of Businesses Acquired.

In accordance with Rule 12b-23 promulgated under the Exchange Act ("Rule 12b-23"), Lucid's audited consolidated balance sheets as of December 31, 2020 and 2019, the related audited consolidated statements of operations and comprehensive loss, convertible preferred shares and shareholders' deficit and cash flows for each of the two years in the period ended December 31, 2020, and the related notes are set forth in the Proxy Statement/Prospectus beginning on page F-2 and are incorporated herein by reference.

In accordance with Rule 12b-23, Lucid's unaudited condensed consolidated balance sheet as of March 31, 2021, the related unaudited condensed consolidated statements of operations and comprehensive loss, convertible preferred shares and shareholders' deficit and cash flows for the three months ended March 31, 2021 and 2020, and the related notes are set forth in the Proxy Statement/Prospectus beginning on page F-42 and are incorporated by reference.

In accordance with Rule 12b-23, Churchill's audited balance sheet as of December 31, 2020 (as restated), the related audited statements of operations, changes in stockholders' equity and cash flows (as restated) for the period from April 30, 2020 (inception) to December 31, 2020, and the related notes are set forth in the Proxy Statement/Prospectus beginning on page F-69 and are incorporated herein by reference.

In accordance with Rule 12b-23, Churchill's unaudited condensed balance sheet as of March 31, 2021, the related unaudited condensed consolidated statements of operations, changes in stockholders' equity and cash flows for the three months ended March 31, 2021, and the related notes are set forth in the Proxy Statement/Prospectus beginning on page F-94 and are incorporated herein by reference.

(b) Pro Forma Financial Information.

In accordance with Rule 12b-23, certain unaudited pro forma condensed combined financial information regarding the Company to reflect the consummation of the Transactions appears in Exhibit 99.1 and is incorporated herein by reference.

17

(d) Exhibits.

| Exhibit Number | Description |
|---|---|
| 2.1 | Agreement and Plan of Merger, dated as of February 22, 2021, by and among Churchill Capital Corp IV, Air Merger Sub, Inc., and Atieva, Inc. (incorporated by reference to Exhibit 2.1 to Churchill Capital Corp IV's Current Report on Form 8-K filed February 22, 2021) |
| 3.1* | Second Amended and Restated Certificate of Incorporation |
| 3.2* | Amended and Restated Bylaws |
| 4.1* | Specimen Class A Common Stock Certificate of Lucid Group, Inc. |
| 4.2 | Specimen Warrant Certificate (included in Exhibit 4.3) |
| 4.3 | Warrant Agreement, dated July 29, 2020, between Continental Stock Transfer & Trust Company and Churchill Capital Corp IV (incorporated by reference to Exhibit 4.1 to Churchill Capital Corp IV's Current Report on Form 8-K filed August 3, 2020) |
| 10.1 | Investor Rights Agreement, dated as of February 22, 2021, by and among Churchill Capital Corp IV, Ayar Third Investment Company, Churchill Sponsor IV LLC and the other parties named therein (incorporated by reference to Exhibit 10.1 to Churchill Capital Corp IV's Current Report on Form 8-K filed February 22, 2021) |
| 10.2 | Form of Subscription Agreement (incorporated by reference to Exhibit 10.2 to Churchill Capital Corp IV's Current Report on Form 8-K filed February 22, 2021) |
| 10.3 | Private Placement Warrant Purchase Agreement, dated as of July 29, 2020, between Churchill Capital Corp IV and the Sponsor (incorporated by reference to Exhibit 10.4 to Churchill Capital Corp IV's Current Report on Form 8-K filed February 22, 2021) |
| 10.4 | Amended and Restated Sponsor Agreement, dated as of February 22, 2021, by and among Churchill Capital Corp IV, Churchill Sponsor IV LLC, and Michael Klein, Lee Jay Taragin, Glenn R. August, William J. Bynum, Bonnie Jonas, Mark Klein, Malcom S. McDermid and Karen G. Mills (incorporated by reference to Exhibit 10.3 to Churchill Capital Corp IV's Current Report on Form 8-K |

| | |
|---|---|
| | filed February 22, 2021) |
| 10.5 | Promissory Note, dated as of February 22, 2021, by and between Churchill Capital Corp IV and Churchill Sponsor IV LLC (incorporated by reference to Exhibit 10.4 to Churchill Capital Corp IV's Current Report on Form 8-K filed February 22, 2021) |
| 10.6^ | Lucid Group, Inc. 2021 Stock Incentive Plan (including the Lucid Group, Inc. 2021 Employee Stock Purchase Plan, attached thereto) (incorporated by reference to Exhibit 10.5 to the Registration Statement on Form S-4, as amended (File No. 333-254543), filed June 11, 2021 ("*Amendment No. 2 to the Registration Statement*") |
| 10.7^ | Form of Option Agreement under the Lucid Group, Inc. 2021 Stock Incentive Plan (incorporated by reference to Exhibit 10.6 to Amendment No. 2 to the Registration Statement) |
| 10.8^ | Form of RSU Agreement under the Lucid Group, Inc. 2021 Stock Incentive Plan (incorporated by reference to Exhibit 10.7 to Amendment No. 2 to the Registration Statement) |
| 10.9^ | Atieva, Inc. 2009 Share Plan (incorporated by reference to Exhibit 10.8 to Amendment No. 2 to the Registration Statement) |
| 10.10^ | Form of Amended and Restated Notice of Share Option Grant under the Atieva, Inc. 2009 Share Plan (incorporated by reference to Exhibit 10.9 to Amendment No. 2 to the Registration Statement) |
| 10.11^ | Atieva, Inc. 2014 Share Plan, as amended January 11, 2021 (incorporated by reference to Exhibit 10.10 to Amendment No. 2 to the Registration Statement) |
| 10.12^ | Form of Amended and Restated Notice of Share Option Grant under the Atieva, Inc. 2014 Share Plan (incorporated by reference to Exhibit 10.11 to Amendment No. 2 to the Registration Statement) |
| 10.13^ | Atieva, Inc. 2021 Stock Incentive Plan, as amended February 22, 2021 (incorporated by reference to Exhibit 10.12 to Amendment No. 2 to the Registration Statement) |
| 10.14^ | Form of Stock Option Agreement under the Atieva, Inc. 2021 Stock Incentive Plan (incorporated by reference to Exhibit 10.13 to Amendment No. 2 to the Registration Statement) |
| 10.15^ | Form of RSU Agreement under the Atieva, Inc. 2021 Stock Incentive Plan (for Rule 144 affiliates) (incorporated by reference to Exhibit 10.14 to Amendment No. 2 to the Registration Statement) |
| 10.16^ | Form of RSU Agreement under the Atieva, Inc. 2021 Stock Incentive Plan (incorporated by reference to Exhibit 10.15 to Amendment No. 2 to the Registration Statement) |
| 10.17^ | Atieva USA, Inc. Severance Benefit Plan (incorporated by reference to Exhibit 10.16 to Amendment No. 2 to the Registration Statement) |
| 10.18^ | Offer letter with Michael Smuts, dated as of January 2, 2020 (incorporated by reference to Exhibit 10.17 to Amendment No. 2 to the Registration Statement) |
| 10.19 | Lease and Option to Purchase between Pinal County, as landlord, and Atieva USA, Inc., as tenant, dated December 20, 2018 (incorporated by reference to Exhibit 10.18 to Amendment No. 2 to the Registration Statement) |
| 10.20 | Lease by and between CADC Partners, LLC and Atieva USA, Inc., dated January 17, 2020 (incorporated by reference to Exhibit 10.19 to Amendment No. 2 to the Registration Statement) |
| 10.21^ | Form of Indemnification Agreement (incorporated by reference to Exhibit 10.22 to Amendment No. 2 to the Registration Statement) |
| 10.22^ | Transaction Bonus Letter Agreement, dated March 29, 2021 (incorporated by reference to Exhibit 10.23 to Amendment No. 2 to the Registration Statement) |
| 10.23^ | Notice of Restricted Stock Unit Grant, dated March 27, 2021 (incorporated by reference to Exhibit 10.24 to Amendment No. 2 to the Registration Statement) |
| 10.24^ | Offer of Employment to Sherry House, dated April 1, 2021 (incorporated by reference to Exhibit 10.25 to Amendment No. 2 to the Registration Statement) |
| 10.25^* | Lucid Group, Inc. 2021 Performance Bonus Plan |
| 10.26^* | Lucid Group, Inc. 2021 Executive Severance Benefit Plan and Summary Plan Description |
| 10.27^* | Form of Participation Agreement under the Lucid Group, Inc. 2021 Executive Severance Benefit Plan |
| 14.1* | Code of Business Conduct and Ethics of Lucid Group, Inc. |
| 16.1* | Letter from Marcum LLP to the Securities and Exchange Commission, dated July 26, 2021 |
| 21.1* | List of Subsidiaries of Lucid Group, Inc. |
| 99.1* | Unaudited Pro Forma Condensed Combined Financial Information of Lucid Group, Inc., as of March 31, 2021 and for the year ended December 31, 2020 and the three months ended March 31, 2021 |

\* Filed herewith

^ Indicates management contract or compensatory plan

## SIGNATURE

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this Current Report on Form 8-K to be signed on its behalf by the undersigned hereunto duly authorized.

Dated: July 26, 2021

LUCID GROUP, INC.

By: /s/ Sherry House
Name: Sherry House
Title: Chief Financial Officer

EXHIBIT E
PAGE 64